IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAYRIN L. ROBINSON** | ) | |
| | ) | |
| v. | ) | 3-07-CV-101-R |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Kenedy, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of aggravated robbery as charged in the indictment in No. F-03-71644-T Petitioner was found guilty by the jury which thereafter assessed his punishment at 40 years imprisonment. He appealed his conviction and on July 19, 2005, the Fifth Court of Appeals at Dallas affirmed his conviction in an unpublished opinion. No petition for discretionary review was filed.

Robinson has filed three art. 11.07 applications which pertain to his conviction for

aggravated robbery. His first application, WR-56,391-02, was dismissed by the Texas Court of Criminal Appeals on November 9, 2005, due to his non-compliance with Texas Rule of Appellate Procedure 73.1. His second application, WR-56,391-03, was denied without written order by the Court of Criminal Appeals on May 4, 2006. His final application, WR-56-391-04, was dismissed on April 25, 2007, pursuant to art. 11.07, § 4(a)-(c) (abuse of writ).[1]

In response to Robinson's petition and this court's show cause order Respondent has filed his answer and submitted copies of Petitioner's prior state proceedings.

**Findings and Conclusions**: The petition in this case was initially filed in the San Antonio Division of the Western District of Texas, the district in which Robinson was confined on the conviction at issue in the petition. It was transferred to the Northern District of Texas on January 10, 2007, because the conviction was imposed by a state district court in Dallas County.

The sole ground for relief alleged is that Petitioner's aggravated robbery conviction was obtained as a result of subversion of the United States and Texas governments and the Texas and United States Constitutions. In an effort to allow Robinson to clarify the basis for his claim the undersigned issued a questionnaire, the answers to which were filed on March 9, 2007. Because his answer to Question 1 did not clearly demonstrate that the allegations set out therein failed to present cognizable grounds for federal habeas corpus relief, the court thereafter issued a show cause order to Respondent. Quarterman argues that Petitioner has failed to exhaust state remedies on the claims asserted and in the alternative that his claims are procedurally defaulted or without merit.

Robinson did not file a petition for discretionary review after the Fifth Court of Appeals

---

[1]Robinson's third application was filed in the convicting court on February 2, 2007, more than a month after his § 2254 petition was filed in the Western District of Texas.

affirmed his conviction. Therefore the only remaining avenue available to exhaust state remedies on a federal constitutional claim was pursuant to art. 11.07. *See e.g. Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

The exhaustion requirement of § 2254(b)(1)(A) requires that the relief sought has been denied by the highest state court. Under Texas state law a dismissal by the Court of Criminal Appeals does not constitute a disposition on the merits. *See e.g. In re Golden*, 991 S.W.2d 859, 861 (Tex. Crim. App. 1999) (*en banc*). Therefore, Petitioner's first art. 11.07 application which was dismissed does not satisfy the exhaustion requirement. Further, in light of his failure to comply with the rule requirements for an art. 11.07 application, to wit: Texas Rule of Appellate Procedure 73.1, it cannot be said that the same was a "properly filed application." *See* 28 U.S.C. § 2244(d)(2); *Larry v. Dretke*, 361 F.3d 890, 893-896 (5th Cir.), *cert. denied* 543 U.S. 893, 125 S.Ct. 141 (2004).

This court is procedurally barred from considering the merits of any claims presented in his third art. 11.07 application. Under the law of this circuit the court has held unexhausted claims to be procedurally barred in light of art. 11.07 § 4. *See e.g. Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied* 523 U.S. 1139, 118 S.Ct. 1845 (1998). In the present case the procedural bar is even more emphatically demonstrated by reason of the Court of Criminal Appeals' express application of this provision of state law in dismissing Robinson's final art. 11.07 application. Therefore, the only state application which is subject to review by this court is his second one, WR-56,391-03.

In his answer to Question 1 of the magistrate judge's questionnaire Robinson set out his claims for relief. In his answer Respondent argues that his claims have not been presented to the Court of Criminal Appeals and therefore are unexhausted. Although it is clear that a federal court

3

is barred from *granting* relief on an unexhausted claim, relief can be denied even if a petitioner has not exhausted remedies. § 2254(b)(1)(A) and (2). It is also clear that conclusory claims and wholly uncorroborated factual allegations are insufficient to state a cognizable basis for federal habeas corpus relief. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

To the extent that Petitioner claims that charging documents were false, *See* answer to Question 1, *supra*, in neither his state habeas corpus application nor his § 2254 petition has he presented anything to support this claim. Moreover, to state a basis for federal habeas relief a petitioner must establish that the prosecution knowingly used perjured testimony. *See Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 173 (1959). His conclusory claim that the trial record was false likewise does not present a cognizable claim.

The record conclusively refutes his claim that he was unrepresented in his prior conviction in No. 23761-CR. *See* Volume 12 of Reporter's Record, State's Exhibit 62. Likewise the record conclusively refutes his claim that the indictment in No. F-03-71644-JT was not signed by the grand jury foreman. *See* Appeal No. 05-04-0235-CR [F-03-71644-JT] Record Volume One at 002. The remaining allegations identified in his questionnaire answer, *e.g.* denial of counsel in a bar grievance proceeding and denial of counsel in his art. 11.07 application fail to present cognizable grounds for federal habeas corpus relief.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for the Respondent.

SIGNED this 16th day of August, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.